IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DERRICK LAMONT MOORE,

                  Plaintiff,

    v.

ROBERT WEIRE, ALAN SCHRANK and
MINERAL POINT POLICE DEPARTMENT,

                  Defendants.

ORDER

13-cv-307-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Derrick Lamont Moore has filed a document that he calls "Writ of habeas corpus Wisc. Stat. 782.01." In the first paragraph of the document, plaintiff says that he is suing "for monetary and injunctive relief under 42 U.S.C. 1983." In the rest of the document, plaintiff seems to be challenging the revocation of his parole. However, he repeats at the end of the document that he is "aiming to seek relief under § 1983." None of the three defendants listed in the caption is the warden for the Stanley Correctional Institution, where plaintiff is confined. Rather, they seem to be individuals or entities involved in the arrest leading to the revocation.

      I cannot allow plaintiff to proceed on any claim at this time because it is not clear what kind of case he wishes to file. Some aspects of the document he filed suggest that he intends to bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Others

1

suggest that he wants to file a civil action under 42 U.S.C. § 1983. Finally, his reference to Wis. Stat. § 782.01 suggests that he may wish to proceed in state court.

To the extent that plaintiff is seeking relief under § 1983, I would be required to dismiss the case for the same reasons that I dismissed Moore v. Weier, 11-cv-800-slc (W.D. Wis. 2011). In that case, plaintiff challenged the same revocation decision in the context of a complaint filed under 42 U.S.C. § 1983. I dismissed the case because a plaintiff may not use § 1983 to challenge the validity of his confinement; rather, he must first overturn his conviction through other means, such as a petition for a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994); Spencer v. Kemna, 523 U.S. 1 (1998). See also DeWalt v. Carter, 224 F.3d 607, 614 (7th Cir. 2000) ("Congress has designated the federal habeas statute as the exclusive federal remedy for state prisoners who challenge the fact or duration of their confinement and seek immediate or speedier release."). Plaintiff does not allege in his complaint that the revocation decision has been overturned since he filed the 2011 lawsuit, so the reasoning in that case still applies.

If petitioner means to file a habeas petition under 28 U.S.C. § 2254, he should know that he cannot obtain money damages under that statute. Viens v. Daniels, 871 F.2d 1328, 1331 (7th Cir. 1989) ("[M]oney damages are available under section 1983 but not in a habeas action."). Rather, his potential relief is limited to an order requiring his release in the event that the court finds that the revocation of his parole violated federal law. Id. In addition, he must sue his custodian, Kholyavskiy v. Achim, 443 F.3d 946, 949 (7th Cir. 2006), who in this case is the warden of the Stanley prison. He cannot sue individuals or

entities involved in the arrest.

Before a prisoner may bring a petition under § 2254, he first must exhaust his remedies in *state* court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). Plaintiff says nothing in his pleading about any challenges to his revocation that he has filed in state court. If plaintiff wishes to proceed under § 2254, he should include with his response to the court any documents he has showing that he has exhausted his state court remedies.

Finally, if petitioner wishes to bring a petition for a writ of habeas corpus under Wisconsin law, then he must do so in state court. A habeas petition filed in this court is governed by 28 U.S.C. § 2254, not Wis. Stat. § 782.01.

ORDER

IT IS ORDERED that plaintiff Derrick Lamont Moore may have until August 15, 2013, to inform the court in writing whether he wishes to bring his lawsuit under 42 U.S.C. § 1983, 28 U.S.C. § 2254 or Wis. Stat. § 782.01. If plaintiff does not respond by August 15, I will dismiss the case without prejudice to his refiling it at a later date.

Entered this 24th day of July, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge